UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-80317-BLOOM

JAWAYNE FRIPP,

      Plaintiff,

v.

RICK BRADSHAW, *et al.*,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** is before the Court on *pro se* Plaintiff JaWayne Fripp's civil rights complaint filed under 42 U.S.C. § 1983 ("Complaint"), ECF No. [1], and his Application to Proceed in District Court without Prepaying Fees or Costs ("Application"), ECF No. [3]. For reasons set forth below, the Application is granted, and the Complaint is dismissed with leave to amend.

## I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Application is governed by 28 U.S.C. § 1915(b). A prisoner granted leave to proceed *in forma pauperis* is required to pay the $350.00 filing fee but may do so in installments. *See* 28 U.S.C. § 1915(b)(1). Plaintiff must make an initial payment of "20 percent of the greater of — (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). In addition to the initial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). This filing fee will be collected even if the Court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or

Case No. 22-cv-80317-BLOOM

seeks money damages against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Plaintiff is incarcerated at the Palm Beach County Jail and submitted his inmate account statement from July 1, 2021, through January 25, 2022. ECF No. [3] at 3-5. At the time of filing the Application, Plaintiff attested that he had a balance in his checking or savings account of $0.00. ECF No. [3] at 2. Plaintiff has established that he cannot at present pay even the partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial filing fee.").

## II.    FACTUAL ALLEGATIONS

Plaintiff is a pre-trial inmate currently housed at the Palm Beach County Jail. He alleges that on April 19, 2021, he was housed at the West Detention Center. ECF No. [1] at 3. That evening, between the hours of 7:30 PM and 11:00 PM, Plaintiff attended a disciplinary hearing for an unrelated incident. *Id.* During the hearing, Plaintiff had his back to the "Open Bay Dayroom of Delta 1[,]" when another inmate suddenly struck him in the head with a feeding tray. *Id.* (alterations added). Plaintiff states that his head split open from the force of the feeding tray and caused him to become dizzy. *Id.* He states that the inmate continued to assault him, forcing him to defend himself. *Id.* While the assault was ongoing, Officer Smith discharged pepper spray, causing a still-dizzy Plaintiff "to be unable to see." *Id.* The instigating inmate then grabbed ahold of Plaintiff and slammed him to the ground. *Id.* Officer Smith and Officer Martin were then able to handcuff both Plaintiff and the instigating inmate. *Id.* Plaintiff was taken to medical where he received treatment for his injuries. *Id.* at 4. Plaintiff states Officer Smith was negligent for failing to "make sure all trays were picked up" after dinner ended around 4:00 PM that evening. *Id.* at 4. Plaintiff seeks compensation of $1,000,000.00 in damages for mental anguish and physical

2

injuries. *Id.*

## III.   STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA"), as partially codified at 18 U.S.C. § 1915(e)(2)(B)(i)-(iii), requires courts to screen prisoner complaints and dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Pullen v. Sec'y, Dep't of Corr.*, No. 19-11797-C, 2019 WL 5784952, at *1 (11th Cir. Sept. 4, 2019) ("[A]n action is frivolous if it is without arguable merit either in law or fact.") (quoting *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

Under § 1915(e)(2)(B)(ii), a complaint may be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). The standard for determining whether a complaint states a claim upon which relief can be granted is the same whether under section 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6). *See Pullen*, 2019 WL 5784952, at *1 (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Thus, "a complaint must allege sufficient facts to state a claim that is plausible on its face." *Pullen*, No. 19-11797-C, 2019 WL 5784952 at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Plaintiff is obligated to allege "more

than mere labels and legal conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indemnity Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (quoting Bell Atl. Corp., 550 U.S. at 555).

Although the Court must liberally construe pro se pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (per curiam) (citation omitted). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted).

## IV. DISCUSSION

Plaintiff names Palm Beach County Sheriff's Officers, Officer Smith, Officer Martin, and Sheriff Rick Bradshaw, as Defendants in the Complaint. ECF No. [1] at 1-2. Based on the allegations, which must be construed liberally at this preliminary stage, Plaintiff raises failure to protect claims against all named Defendants. *See generally* ECF No. [1]. "While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment." *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). Because Plaintiff is a pretrial detainee at the Palm Beach County Jail, the Court analyzes his claims under the Due Process Clause of the Fourteenth Amendment.

### a. Failure to Protect/Deliberate Indifference - Individual capacity

"A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331

(11th Cir. 2013) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003)). A deliberate indifference claim thus consists of three elements: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). To satisfy the subjective component, a plaintiff must allege facts that would allow a jury to conclude that the defendant actually knew that the plaintiff faced a substantial risk of serious harm. *See Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2015). To satisfy the objective component, a plaintiff must allege facts showing that the defendant disregarded that known risk by failing to respond to it in an objectively reasonable manner. *See id.*

Here, Plaintiff has not adequately pleaded an individual capacity failure to protect claim against any of the Defendants. Plaintiff states that on April 19, 2021, another inmate attacked him from behind by striking him across the head with a feeding tray. ECF No. [1] at 3. Plaintiff describes the attack as "sudden" and states that he was forced to defend himself. *Id.* As Plaintiff was fighting with the instigating inmate, Officer Smith first pepper sprayed Plaintiff before he and Officer Martin were finally able to separate and handcuff Plaintiff and the instigating inmate. *Id.* According to Plaintiff, the attack occurred several hours after dinner and long after Officer Smith should have collected all feeding trays. *Id.* at 4. Sheriff Bradshaw is not mentioned in the Complaint.

Setting aside any consideration of whether Plaintiff has alleged a substantial risk of serious harm, Plaintiff has not stated a plausible claim against any of the Defendants. First, Sheriff Bradshaw had no personal involvement in Plaintiff's attack and thus has no individual capacity liability for failing to protect Plaintiff from the attack. *See Iqbal*, 556 U.S. at 677 (under § 1983 "each Government official . . . is only liable for his or her own misconduct" (alteration added)).

Next, the only allegations in the Complaint pertaining to Officer Martin state that he broke

5

up the fight and placed Plaintiff and the instigating inmate in handcuffs. ECF No. [1] at 3. Such allegations are insufficient to show that Officer Martin actually knew of a substantial risk of harm to Plaintiff or that he failed to respond to the risk in an objectively reasonable manner. To the contrary, Officer Martin allegedly broke up the fight and secured both parties. *Id.*

Finally, although Officer Smith failed to collect the feeding tray after dinner, that omission does not constitute gross negligence. *See Lumley v. City of Dade City*, 327 F.3d 1186, 1197 (11th Cir. 2003) (stating that a showing of mere negligence is insufficient to make out a constitutional violation); *see also Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1270 n.2 (11th Cir. 2020) ("[N]o matter how serious the negligence, conduct that can't fairly be characterized as *reckless* won't meet the Supreme Court's standard." (alteration added)). Moreover, Plaintiff does not allege that Officer Smith was aware of the attack prior to its occurrence. In fact, Plaintiff describes the initial attack as "sudden[]." ECF No. [1] at 3 (alteration added). Nor has Plaintiff alleged that the actions Officer Smith took to break up the fight were objectively unreasonable. Plaintiff acknowledges that after he was struck with the feeding tray, he was forced to defend himself. *Id.* It was not until *after* he started fighting back that Officer Smith discharged pepper spray before finally separating and handcuffing Plaintiff and the instigating inmate. *Id.* Thus, Plaintiff's allegations against Officer Smith fail to state a claim for relief for failure to protect.

**b. Supervisory Liability**

It is well settled that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (quoting *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007)). A supervisor can only be held liable under § 1983 if he "personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *West*, 496 F.3d at 1328 (quoting

*Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (alteration added; internal quotation marks omitted)).

To state a supervisory liability claim, the plaintiff must allege: (1) the personal involvement of the supervisor in the violation of the plaintiff's constitutional rights; (2) the existence of either a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights; (3) facts that support an inference that the supervisor directed the unlawful action or knowingly failed to prevent it; or (4) a history of widespread abuse that put the supervisor on notice of an alleged constitutional deprivation that he then failed to correct. *See West*, 496 F.3d at 1328-29 (listing factors in context of summary judgment). However, a supervisor is not liable under § 1983 for mere negligence in the training or supervision of his employees. *Greason v. Kemp*, 891 F.2d 829, 836-37 (11th Cir. 1990). The mere fact a defendant occupies a supervisory position is not enough. Instead, a plaintiff must "show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014) (citation omitted).

Plaintiff names Sheriff Bradshaw as a Defendant but fails to allege that he had any personal involvement in the attack. Nor does Plaintiff allege that Sheriff Bradshaw directed subordinates to take "unlawful action" or that he was aware that Plaintiff would be attacked and "knowingly failed to prevent" it. *See West*, 496 F.3d at 1328-29. Because Plaintiff does not allege Sheriff Bradshaw "either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation[,]" and because Plaintiff cannot hold Sheriff Bradshaw liable under a theory of respondeat superior, Plaintiff has not alleged a basis to impose liability on him. *Harrison*, 746 F.3d at 1298 (alteration added).

### c. **Official Capacity**

Plaintiff alleges official capacity claims against all Defendants. "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent[.]" *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691 n.55 (1978) (alterations added). "Such suits against municipal officers are therefore, in actuality, suits directly against the [municipality] that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (alteration added). As to Palm Beach County Sheriff's Office, the governmental entity that the Defendants represent, Palm Beach County is the real party in interest. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, Plaintiff's official-capacity claims against Defendants are really claims against Palm Beach County and should be treated as such.

Regarding Palm Beach County, "[a] municipality may be held liable under § 1983 if the plaintiff shows that a 'custom' or 'policy' of the municipality was the 'moving force' behind the constitutional deprivation." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997) (alteration added; citation omitted). "A plaintiff . . . has two methods by which to establish a county's policy: identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329-30 (11th Cir. 2003) (alteration added). However, "an inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred." *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996).

Here, Plaintiff has not stated a facially plausible failure to protect claim against any individual Defendants. Neither has he alleged the existence of an officially promulgated Palm Beach County policy, custom, or practice that was the moving force behind the Defendants alleged failure to protect. Thus, Plaintiff has not stated a cognizable *Monell* claim against Palm Beach County and his official capacity claim must be dismissed.

The Court permits Plaintiff an opportunity to rectify the Complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this order if he still wishes to pursue this action. Consistent with the goal of Fed. R. Civ. P. 8, the amended complaint and its memorandum shall not exceed twenty pages in length.

V.      **CONCLUSION**

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, **ECF No. [3]**, is **GRANTED**.

2.      Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED with leave to amend**. On or before **March 25, 2022**, Plaintiff shall file an amended complaint, signed under penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

3.      The amended complaint must be labeled "Amended Complaint" and must show Case No.: **22-CV-80317-BLOOM**, so that it will be filed in this case.

4.      The amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued. Plaintiff is reminded that his amended complaint should at the very least cure the factual deficiencies identified to state a plausible claim for relief. The amended complaint shall be the **sole operative** pleading in this case. Plaintiff may not incorporate by reference any allegations contained in his previous filings or in any supplemental filings.

5.      Plaintiff is warned that failure to timely file the amended complaint will result in dismissal of this case. *See* Fed. R. Civ. P. 41(b).

6.      The Clerk is **DIRECTED** to provide Plaintiff with a copy of the form for a

Case No. 22-cv-80317-BLOOM

complaint under 42 U.S.C. § 1983 alongside this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

JaWayne Fripp, *Pro Se*
#0432794
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416

10